UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**JOSHUA JAMES KARASTI,**
                **Petitioner,**

v.                                        Case No. 14-cv-0440

**PAUL S. KEMPER, Warden,**
Racine Correctional Institution,
                **Respondent.**
_____

## DECISION AND ORDER

In this decision and order, I address pro se petitioner Joshua Karasti's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

### I. Background

On December 20, 2008, in Kenosha, Wisconsin, Shane Parker was fatally injured after falling into the street and being run over by a vehicle. The vehicle fled the scene of the accident, but there were numerous witnesses, one of whom followed the fleeing vehicle, which petitioner was driving and which eventually crashed into a snowbank. Petitioner's blood alcohol content at the time of arrest was .241 percent. A jury convicted petitioner of hit and run involving death, in violation of Wis. Stat. § 346.67(1); homicide by intoxicated use of a vehicle, in violation of Wis. Stat. § 940.09(1)(a); and operating while under the influence (third offense), in violation of Wis. Stat. § 346.63(1)(a).

Grounds one and two of the petition raise an ineffective assistance of trial counsel claim[1] and grounds three and four assert that the trial court abused its sentencing

---

[1] Although petitioner lists his ineffective assistance of counsel claim as two separate grounds in his petition, both grounds raise the same issue, and I will therefore treat them as one claim.

discretion. Petitioner's sentencing-related claims raise issues based on state sentencing law,[2] and I cannot issue a writ of habeas corpus based on these claims because they do not allege a federal constitutional violation. *Swarthout v. Cooke*, 562 U.S. 216, 219–20 (2011). This leaves only petitioner's ineffective assistance of trial counsel claim.

## A. Procedural Default

Under § 2254(b)(1), petitioner must exhaust all of his state court remedies. Thus, before I may consider the petition, petitioner must have fairly presented his constitutional claims "in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If petitioner fails to do so and is procedurally barred from raising the claim under state law, then he has defaulted on his claim and I may not consider it. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) ("[T]he petitioner must comply with state rules to avoid procedurally defaulting his claims.").

Here, petitioner properly sought post-conviction relief at the trial court level and then directly appealed his conviction to the Wisconsin Court of Appeals, which affirmed the conviction on the merits. Petitioner's appellate counsel then filed a no-merit petition for review on petitioner's behalf with the Wisconsin Supreme Court. Because his attorney filed a no-merit petition, Wisconsin law required petitioner to file a supplemental petition stating reasons in support of review. *See* Wis. Stat. §§ 809.32(4), 809.62. Petitioner requested an

---

[2] Specifically, petitioner alleges the state court judge abused his sentencing discretion by failing to consider imposition of a "risk reduction" sentence, *see* Wis. Stat. § 973.031 (2010), and by requiring petitioner to pay a DNA surcharge without considering the factors outlined in *Wisconsin v. Cherry*, 312 Wis. 2d 203 (Ct. App. 2008).

extension of time to do so, which was granted, but never filed a statement of reasons, and the Wisconsin Supreme Court denied review. Respondent argues that by not filing a statement of reasons in support of review, petitioner did not fairly present his ineffective assistance of counsel claim to the Wisconsin Supreme Court, is now time-barred from doing so, and thus procedurally defaulted. Petitioner contends that even if he procedurally defaulted, his default should be excused because he can show good cause for the default and prejudice resulting from it and because he is actually innocent. *Murray v. Carrier*, 477 U.S. 478 (1986) (stating that a petitioner may overcome procedural default by showing either cause and prejudice or actual innocence).

It is unclear whether the failure to file a statement of reasons for review amounts to procedural default because technically, petitioner did seek Wisconsin Supreme Court review even if he did not provide the court with all required materials. *But see Mahaffey*, 294 F.3d at 914–15 (stating that to exhaust state remedies, "a petitioner must present to the state judiciary both the operative facts and legal principles that control each claim"). However, I need not decide whether petitioner has procedurally defaulted or whether he has shown cause and prejudice or actual innocence sufficient to overcome procedural default because his ineffective assistance of counsel claim fails on the merits.

**B. Ineffective Assistance of Counsel**

To establish a claim for ineffective assistance of trial counsel, a petitioner must show that his lawyer performed deficiently and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To establish deficient performance, a petitioner must demonstrate that his lawyer's representation fell below an

3

objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687–88. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To establish prejudice, a petitioner must show that there is a reasonable probability that but for his lawyer's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

Petitioner argues that his trial counsel was ineffective because he failed to retain an expert in accident reconstruction and present expert testimony to the jury that petitioner could not have stopped his car in time to avoid running over the victim.[3] The Wisconsin Court of Appeals adjudicated petitioner's ineffective assistance of counsel claim on the merits; therefore I may grant relief only if the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. § 2254(d).[4] The court rejected petitioner's ineffective assistance claim, reasoning as follows:

> In determining whether effective assistance of counsel was denied, Wisconsin looks to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Johnson*, 153 Wis. 2d 121, 126–27 (1990). The defendant has the burden to show that both the counsel's performance was deficient and prejudicial. *Strickland*, 466 U.S. at 687. To prove deficient performance, Karasti must show specific facts or omissions of counsel which were 'outside the wide

---

[3] This expert testimony would have supported a statutorily available affirmative defense, that the victim's death would have occurred even if petitioner had been sober. *See* Wis. Stat. § 940.09(2).

[4] Under § 2254(d), I may also grant relief if the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. However, in this case, there is no plausible claim that the state court's decision was based on an unreasonable determination of the facts.

4

range of professionally competent assistance.' *Id.* at 690. To prove prejudice, he must show that counsel's errors were so serious that he was deprived of a fair and reliable outcome. *See id.* at 687. If this court is satisfied that Karasti has not proved one prong, we need not address the other. *See id.* at 697.

Karasti asserts here only that 'trial counsel was ineffective.' This bare assertion falls fatally short of the specificity requirement. Postconviction, he had contended that trial counsel should have argued to the jury that, even if he were not intoxicated, Parker would have been run over because Parker fell right in his path, giving him no chance to stop. Trial counsel testified at the hearing that he considered the affirmative defense available under Wis. Stat. § 940.09(2), but rejected it as incompatible with Karasti's insistence that he was not driving and was concerned it would make a hit-and-run conviction more likely. Strategic decisions reasonably based upon law and fact do not amount to ineffective assistance of counsel. *See State v. Hubanks*, 173 Wis. 2d 1, 28 (Ct. App. 1992). Counsel is not ineffective simply because the chosen trial strategy, if otherwise reasonable, was unsuccessful. *State v. Maloney*, 275 Wis. 2d 557 (Ct. App. 2004).

Resp. Ex. B at 5–6 (ECF No. 8-3).[5]

Because the court applied the correct *Strickland* standard, the court's decision was not contrary to clearly established federal law. Further, the court's analysis under *Strickland* cannot be said to be an unreasonable application of clearly established federal law. Under *Strickland*, petitioner must show that his attorney's performance was both deficient *and* prejudicial. *Strickland*, 466 U.S. at 687. It appears from the post-conviction evidentiary hearing and petitioner's own filings related to this habeas petition that petitioner's attorney investigated the affirmative defense under Wis. Stat. § 940.09(2), including consulting with an accident reconstruction expert who authored a report regarding whether petitioner would

---

[5] Unbeknownst to respondent or me until recently, it appears that petitioner has been litigating this same ineffective assistance of counsel claim, i.e. "failing to present the engineer's report at trial," in the state courts under a collateral post-conviction motion. See Letter from Respondent Ex. A at 5 (ECF No. 17-1). The Wisconsin Court of Appeals recently denied the motion and confirmed that it previously "concluded counsel's trial strategy was reasonable." *Id.*

5

have had time to stop, but chose not to pursue this defense in favor of a defense that petitioner was not driving the car that hit petitioner. The appeals court's conclusion that this strategic decision was not deficient performance was not unreasonable, and I therefore will not upset it. *See id.* at 690 (stating that strategic choices made after investigation "are virtually unchallengeable").[6]

### III. Conclusion

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[6] Petitioner also requests an evidentiary hearing based on the reconstruction expert's report, citing *Earp v. Ornoski* for the proposition that I must grant him an evidentiary hearing because the expert report is "newly discovered" evidence and because he was not afforded a hearing at the state level. 431 F.3d 1158, 1166–67 (9th Cir. 2005). I will not grant petitioner's request for an evidentiary hearing. First, the expert report is not newly discovered evidence; it was prepared for petitioner's trial attorney in April 2009, several months before petitioner's trial. Further, the state trial court held a post-conviction evidentiary hearing on petitioner's ineffective assistance of counsel claim, at which both petitioner and his trial attorney testified regarding the expert report and trial strategy decisions. Thus, the record was developed at the state level sufficient to address petitioner's ineffective assistance of counsel claim, and thus no hearing is needed now. *See* § 2254(e)(2) (stating that petitioner is only entitled to an evidentiary hearing in federal habeas cases where the factual basis of a claim was not fully developed in state court proceedings)